STATE OF MISSOURI, Respondent, v. SAM FARRAR, Appellant.

Springfield Court of Appeals, April 4, 1910.

1. CRIMINAL LAW: Druggists: Violating Local Option Law: Filling Physician's Order. Defendant, a druggist, was convicted of violating the Local Option Law. The evidence shows that he had sold a quart of alcohol on an order from a physician, which order was not a legal prescription. The issue was whether the defendant filled the order in good faith, believing that the physician wanted the alcohol for office use, or whether the liquor was sold to the party bringing the order. The evidence is examined and held sufficient to justify submitting the case to the jury.

2. INSTRUCTIONS: Criminal Law: Violating Local Option Law: Failure to Instruct: Self-invited Error. Defendant, a druggist, was tried on the charge of violating the Local Option Law. He requested an instruction which properly submitted his defense; the court refused the requested instruction, but prepared one on its own motion, which, with other instructions already given, would have properly submitted the same issue.

The defendant objected to this instruction and for that reason it was not given. *Held,* that the error of failing to instruct was self-invited and defendant was not entitled to have the judgment reversed on account of the court's refusal to give the instruction requested by the defendant.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*J. T. Moore* and *A. W. Curry* for appellant.

(1) The duty of the trial court in criminal prosecutions is to give all necessary instructions, whether requested or not, and this duty is uniformly recognized in the practice in criminal cases in this State. State v. Branstetter, 65 Mo. 149; State v. Banks, 73 Mo. 592; State v. Taylor, 118 Mo. 153; State v. Rufus, 149 Mo. 406. (2) A request for an erroneous instruction is sufficient to require the court to instruct as to the question presented by such erroneous instruction. State v. Matthews, 20 Mo. 55; State v. Jones, 61 Mo. 232; State v. Stonum, 62 Mo. 596; State v. Lowe, 93 Mo. 547; State v. Reed, 154 Mo. 122.

*Homer Davenport* and *D. D. McDonald* for respondent.

(1) The duty imposed by the statute on the court to instruct "upon all questions of law arising in the case which are necessary for their information in giving their verdict" applies only to case of felony and non-direction of the jury does not constitute error in a prosecution for a misdemeanor. R. S. 1899, sec. 2627; State v. Matheis, 49 Mo. App. 237; State v. Baldwin, 56 Mo. App. 423. (2) Where the court offers to give certain instructions which counsel for the defendant refused to accept, the defendant cannot complain because the court omitted to instruct on the points covered by

those instructions. R. S. 1899, sec. 2535; State v. Cushenberry, 157 Mo. 182; State v. Keele, 105 Mo. 42; State v. DeMosse, 98 Mo. 343.

GRAY, J.—At the February term, 1909, of the circuit court of Laclede county, the defendant was tried by jury on an information charging him with a violation of the Local Option Law, relating to the sale of intoxicating liquors, and his punishment assessed at a fine of three hundred dollars. After an unsuccessful motion for new trial and in arrest, defendant appealed to this court.

The appellant complains in this court of the action of the trial court in refusing to sustain a demurrer to the evidence for the reason, it is claimed by him, that the evidence was insufficient to authorize the court to submit the issues to the jury. There is but little dispute about the facts in the case. We gather from the testimony that the defendant, at the times mentioned, was conducting a drug store in the city of Lebanon, and at said times one Dr. Avery was a physician engaged in a general practice in said city; that on the 28th day of March, 1908, one Sam Royster, who lived outside of the city, went to Dr. Avery's office and the doctor gave him an envelope which contained an order for two pints of alcohol, and Royster took this envelope to the defendant's drug store and received from the defendant one quart of alcohol, which he took and carried away with him, and there is no evidence in the case that the alcohol was ever taken to Dr. Avery's office.

The evidence showed that in addition to the order, the envelope contained one dollar, the price of the intoxicating liquor. The sale of the alcohol was not denied by the defendant, and the sole question is whether it was a sale to Dr. Avery, or a sale to Sam Royster. Dr. Avery testified he had no recollection of seeing Royster in his office on the 28th day of March, but did iden-

tify the order as being in his handwriting. This order was offered in evidence, and at that time was in the following form:

"3-28-08.

"Mr. Farrar, please send me Ott S. V. Rect.   D. Avery.   Sam Royster.        3-28-08.

"F. O. U."

The words, "Sam Royster," were written on the order by the defendant, and the letters "F. O. U." were interpreted to mean "for office use." There was a direct conflict, however, in the evidence as to whether these letters were on the order at the time it was filed by the defendant. The letters were written with a different pencil from the remaining part of the order. The sheriff testified that he arrested the defendant, and a short time thereafter he saw the order and made a copy of it, and those letters were not on the order at that time. The defendant testified they were on the order, and Dr. Avery admitted that they were written with a different pencil from the balance of the order, and that he either wrote the letters on the order at the time he gave it to Royster, or a short time thereafter. There was also testimony that at the time the defendant was arrested, he said he sold the alcohol on a prescription, and he also stated that he had been filling these orders all along, and mentioned certain persons for whom he had filled the orders given by Dr. Avery. We are of the opinion that under the evidence in the case, the court was justified in refusing the demurrer to the evidence.

The instructions given in behalf of the State are not complained of on this appeal, but it is claimed that the court did not properly instruct the jury as to what constituted a sale within the meaning of the law, and that such instructions were asked by the defendant. At the request of the defendant, the court gave the following instruction: "The court instructs the jury, that the de-

fendant is on trial for selling alcohol to Sam Royster and unless they believe beyond a reasonable doubt that he did sell the alcohol to Sam Royster, as charged in the information, they will return a verdict of not guilty."

In addition to this, the court gave the usual instructions as to the presumption of innocence and reasonable doubt, and that the defendant was a competent witness in his own behalf. The defendant asked the following instruction: "The court instructs the jury in this case, that if they should find from the evidence that Dr. Avery sent a written order for two pints of alcohol and the defendant filled the order for Dr. Avery the jury will return a verdict of not guilty although they may further find that Sam Royster brought the order for the alcohol and defendant delivered the alcohol to Royster."

During the argument, the defendant asked the following instruction: "The court instructs the jury, that in order to constitute the sale of alcohol by the defendant to Sam Royster there must have been an intention on the part of Royster to purchase the alcohol and defendant must have intended to sell the alcohol to Sam Royster, and unless the jury believe from the evidence that there was a sale of alcohol to Sam Royster, as herein defined, the jury will return a verdict of not guilty."

The court refused this instruction, but offered to give for the defendant the following in lieu thereof: "As to whether the facts shown in this case was a sale to Royster depends on the knowledge and intention of defendant at the time, as to whether Royster was furnishing the money to pay for the alcohol and intended to keep it and use it himself. If defendant understood at the time that Royster had furnished the money to pay for the alcohol and was going to keep it himself and the order was for the mere purpose of enabling Royster to get the alcohol, then it would be a sale to

Royster. If, however, defendant understood that Dr. Avery wanted the alcohol and had sent Royster to get it for him, Avery, for Avery to use for some purpose then it would be a sale to Avery and not to Royster."

The defendant objected to the court giving this instruction, and for that reason, the same was not given. We believe this instruction, when read with No. 1, given in behalf of the defendant, correctly submitted the issue to the jury. The evidence was sufficient to call for the opinion of the jury as to whether the transaction was one in good faith, or whether it was simply a scheme to enable Royster to get intoxicating liquors in violation of the law. The statement of the defendant at the time he was arrested, to the effect that he had been letting other parties have intoxicating liquors from time to time on such orders, was some evidence tending to prove that the method adopted was for the sole purpose of evading the law.

In addition to the above statement of the defendant, the sheriff testified that he also said at the time of his arrest, that he had let Royster have the alcohol on a prescription. The order offered in evidence wholly failed to comply with the law as a prescription, and was no authority for the defendant to deliver to any one intoxicating liquors. It stood, therefore, practically admitted in the case, that the defendant had violated the law by making the sale in controversy, and it was only a question whether it was a sale to Avery or to Royster. The instruction which the court offered to give in behalf of the defendant fairly submitted this question to the jury, and by it the jury was told if the defendant understood, at the time of the sale, that Royster was going to keep the alcohol for himself and the order was for the mere purpose of enabling Royster to get the alcohol, then it was a sale to Royster, but if the defendant understood that Dr. Avery wanted the alcohol and sent Royster to get it for him, then it would be a sale to Avery, and not to Royster.

The only reason this instruction was not given to the jury was because the defendant objected thereto. While it may be said that the instructions asked by the defendant and refused by the court, were proper to be given and the court should have given them, yet if the court refused them, but at the same time wrote another instruction which fairly submitted the same issue to the jury but the defendant objected to it being given, then he is not in a position to have the judgment of the trial court reversed for not submitting that issue to the jury. [State v. Cushenberry, 157 Mo. 168, 56 S. W. 737.]

All things being considered, the defendant has had a fair trial and the verdict is supported by the evidence and will be affirmed. *Cox, J.,* concurs. *Nixon, P. J.,* not sitting.